## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| CLARKE BROWN, individually and on behalf of all similarly situated persons, | Civil Action No. _____ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PAWS, WHISKERS & WAGS, LLC, | |
| Defendant. | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Clarke Brown ("Plaintiff") files this Collective and Class Action Complaint against Defendant Paws, Whiskers & Wags, LLC ("Defendant"). Plaintiff brings a collective action on behalf of herself and all others similarly situated due to Defendant's systemic violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Plaintiff brings a class action on behalf of herself and all non-exempt employees who worked for Defendant in Operations and Customer Service in the State of Georgia in the four years preceding this Complaint pursuant to Federal Rule of Civil Procedure 23. Plaintiff additionally brings an individual claim for breach of contract resulting from Defendant's failure to pay an earned "sign on" bonus. Lastly, Plaintiff asserts claims for expenses of litigation as

1

to the state law claims asserted herein, pursuant to O.C.G.A. § 13-6-11.  Plaintiff shows the Court as follows:

## INTRODUCTION AND NATURE OF THE ACTION

1.      Defendant provides pet cremation services.  Defendant employs a number of individuals it pays on an hourly basis and classifies as non-exempt under the FLSA.

2.      Until November 17, 2018, Defendant had a policy and practice of automatically deducting 30 minutes from all non-exempt employees' time worked on each day that the employees worked a shift of five hours or more.  This 30-minute autodeduction was purportedly for a break but was made regardless of (1) whether the employees actually took any break; and (2) if the employees did take a break, the duration of that break.

3.      It was a regular and routine occurrence that Plaintiff and other non-exempt employees who worked for Defendant in Customer Service and Operations would (1) not be able to take a break – at all – during their shift, or (2) if they were able to take a break, would take a break that was shorter than 30 minutes. Regardless, Defendant automatically subtracted 30 minutes from their time worked each day they worked a shift of five hours or more.

4.    These deductions occurred in all workweeks until November 17, 2018, including workweeks in which Plaintiff and other non-exempt employees worked in excess of 40 hours per week.

5.    In further violation of the FLSA, Defendant has systemically failed to include bonuses in the regular rate of pay when paying overtime.  Defendant paid Plaintiff and other non-exempt employees' bonuses which included, *inter alia*, production bonuses based on the number of cremations the company performed. Defendant failed to include these bonuses in the employees' regular rates of pay when paying them overtime.

6.    Based on these systemic wage-and-hour violations, Plaintiff asserts individual claims on behalf of herself, and representative claims on behalf of the following collective and class groups:

  a.    A collective action under the FLSA on behalf of all non-exempt employees who worked for Defendant in Customer Service and Operations from three years preceding this Complaint to November 17, 2018 and who worked in excess of 40 hours per week (the "FLSA Deduction Collective");

  b.    A collective action under the FLSA on behalf of all non-exempt employees who worked for Defendant from three years

preceding this Complaint until conditional certification and who

worked in excess of 40 hours per week during pay periods for

which they received production bonuses (the "FLSA Bonus

Collective");

c.     A class action for unjust enrichment pursuant to Federal Rule of

Civil Procedure 23 on behalf of all non-exempt employees who

worked for Defendant in Customer Service and Operations in the

State of Georgia from four years preceding this Complaint to

November 17, 2018 (the "Rule 23 Class").

7.     On behalf of the FLSA Deduction Collective and the FLSA Bonus

Collective, Plaintiff seeks unpaid overtime, liquidated damages, and attorneys' fees

and costs.

8.     On behalf of the Rule 23 Class, Plaintiff seeks payment for all

unlawfully deduced time worked that was not in excess of 40 hours per week, and is

not therefore covered by the FLSA, and additionally seeks interest and attorneys'

fees.

## JURISDICTION AND VENUE

9.     Pursuant to 28 U.S.C. § 1331, this Court has federal question

jurisdiction over the individual and collective FLSA claims in this Complaint.

10.    Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over Plaintiff's individual and class state law claims for unjust enrichment, individual claim for breach of contract, and claim for expenses of litigation pursuant to O.C.G.A. § 13-6-11, because such claims relate to Plaintiff's employment with Defendant and Defendant's autodeduction and compensation practices, and are so related to Plaintiff's individual and collective FLSA claims that they form part of the same case or controversy.

11.    Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), venue is proper in this Court because Defendant resides in this district and the majority of the unlawful employment practices described herein were committed within the Atlanta Division of the Northern District of Georgia.

## PARTIES

12.    Plaintiff is a citizen of the United States of America and a resident of the State of Georgia.

13.    Defendant employed Plaintiff from approximately September 2016 to November 29, 2018.  Over the course of her career with Defendant, Plaintiff worked as a non-exempt employee in the positions of Client Relations, Operations and Logistics.

14.     Defendant Paws, Whiskers & Wags, LLC is a for-profit Georgia corporation with its principal place of business in DeKalb County, Georgia, at 2800 E. Ponce de Leon Avenue, Decatur, Georgia 30030.

15.     Defendant Paws, Whiskers & Wags, LLC may be served with process through its registered agent, John A. Swann, at 2905 Piedmont Road, N.E., Atlanta, Georgia 30305.

16.     Defendant is governed by and subject to 29 U.S.C. §§ 206-207.

17.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq*.

18.     At all relevant times, in the course of Defendant's business operations, Defendant's employees, including Plaintiff, have handled or otherwise used materials that have been moved or produced in interstate commerce.

19.     At all relevant times, Defendant has had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

20.     At all relevant times, Defendant has had two or more "employees handling, selling or otherwise working on goods or materials that have been moved

in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A)(i).

21.     At all relevant times, Defendant has had an annual gross volume of sales made or business done in excess of $500,000.00.

22.     At all relevant times, Defendant was an "employer" of Plaintiff and other similarly situated persons as the term "employer" is defined by 29 U.S.C. § 203(d).

## STATEMENT OF FACTS

23.     Defendant provides pet cremation services.

24.     According to its website, Defendant has two locations in Georgia and one in North Carolina.

25.     Defendant employed Plaintiff from approximately September 2016 to November 29, 2018.

26.     Throughout Plaintiff's employment with Defendant, she was classified as a non-exempt employee under the FLSA and paid an hourly rate.

27.     During her career with Defendant, Plaintiff worked in both of Defendant's locations in Georgia, located in Decatur, Georgia and Covington, Georgia, respectively.

28.     During Plaintiff's career with Defendant, Plaintiff held titles of Client Relations, Operations and Logistics.

29.     While employed in the position of Customer Relations, Plaintiff performed duties on the "customer-facing" side of the Defendant's business, including interacting with individuals who walked in to the location, making phone calls to clients, discussing arrangements for services and keepsakes, and emailing clients and vendors.

30.     Throughout the relevant time period, Defendant has employed numerous other individuals in the position of Customer Relations; Defendant classified these individuals as non-exempt under the FLSA and paid them an hourly rate.

31.     While employed in the position of Operations, Plaintiff processed the cremations of the animals, transferred the remains to the urns, and cleaned the building, including the freezers.

32.     Throughout the relevant time period, Defendant has employed numerous other individuals in the position of Operations; Defendant classified these individuals as non-exempt under the FLSA and paid them an hourly rate.

33.     Throughout the relevant time period, Defendant represented to Plaintiff and other non-exempt employees in the positions of Customer Service or Operations that they would be paid a certain hourly rate for all work performed.

34.     Throughout Plaintiff's employment with Defendant, until November 17, 2018, Defendant had a uniform policy of automatically deducting 30 minutes for a break for all non-exempt employees who worked a shift of five hours or more in a day.

35.     Defendant made this automatic deduction regardless of whether its non-exempt employees who worked for Defendant in Customer Service or Operations (a) took any break at all; or (b) took a break that was less than 30 minutes.

36.     Plaintiff's time records – as supplied by Defendant – are attached hereto as Exhibit A.  Merely by way of example as to these deductions: on Saturday, August 4, 2018, Plaintiff clocked in at 7:26 am and clocked out at 1:21 pm, and the total work hours listed are 5.42 hours; on Saturday, September 22, 2018, Plaintiff clocked in at 6:30 am and clocked out at 1:30 pm, and the total work hours listed are 6.5 hours; and on Saturday, September 29, 2018, Plaintiff clocked in at 8:00 am and clocked out at 1:00 pm, and the total work hours listed are 4.5 hours.  Plaintiff did not take a 30 minute break on any of these dates.

9

37.     Plaintiff was not paid the full amount of overtime due for multiple workweeks because Defendant deducted time that she actually worked; one example is the workweek beginning September 29, 2018, in which Plaintiff worked in excess of 40 hours and Defendant improperly deducted time she actually worked, resulting in a failure to pay her all overtime wages due.

38.     Plaintiff and other non-exempt employees who worked for Defendant in Customer Service and Operations frequently worked their entire shift without taking any break in which they were completely relieved from duty.

39.     For instance, when Plaintiff worked for Defendant on Saturdays, Plaintiff never took a break due to the volume of business; nevertheless, Defendant deducted 30 minutes from her time if her shift was five or more hours.

40.     In those instances in which Plaintiff and other non-exempt employees who worked for Defendant in Customer Service and Operations were able to take a break, they frequently were unable to take a 30 minute uninterrupted break in which they were relieved of all duties.

41.     Nevertheless, for every day in which Defendant's non-exempt employees who worked for Defendant in Customer Service and Operations worked a shift of five hours or more, Defendant autodeducted 30 minutes from their time.

42.    Defendant failed to maintain accurate records of the time during which its non-exempt employees took breaks.

43.    On information and belief, Defendant did not track the hours actually worked by Plaintiff and other non-exempt employees who worked for Defendant in Customer Service and Operations.

44.    Throughout Plaintiff's employment with Defendant and, on information and belief, throughout the period starting three years prior to the filing of this Complaint to the present, Defendant has paid production bonuses to the full-time non-exempt employees if Defendant meets pre-set cremation quotas.

45.    The production bonus was and is earned for work performed in a month and was and is paid out the subsequent month.

46.    Throughout the relevant period and continuing until present, Defendant has failed to include the production bonuses in the overall compensation when calculating the overtime rate, in violation of the FLSA.

47.    For example, for the workweeks starting May 19, 2018 and September 29, 2018, Plaintiff worked overtime hours and she earned a production bonus for the months of May 2018 and September 2018.

48.    Defendant failed to incorporate the production bonuses into the regular rate when paying Plaintiff overtime wages for the workweeks starting May 19, 2018 and September 29, 2018.

49.    Towards the end of her employment with Defendant, Plaintiff complained about Defendant's practice of autodeducting 30 minutes of time for breaks regardless of whether she and other employees actually breaks.

50.    Defendant admitted to the practice and stated to Plaintiff and other employees that, as of November 17, 2018, Defendant was discontinuing the practice. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's final paystub which includes a statement that, "The Automatic 30 minute deduction is no longer active as of 11/17/18.  Clock In/Out for all meal breaks."

51.    Plaintiff specifically discussed with Michael Brewer, Defendant's Accounting Manager, the issue of Defendant autodeducting time from her work hours, and Defendant's consequent failure to pay her for all time worked.  Plaintiff attempted to reconcile the amount of time that was improperly deducted and Defendant represented to her that it would pay her for that time – based on Defendant's calculations, which calculations did not include any additional overtime.

12

52.    However, in association with that payment, Defendant told Plaintiff that she would have to sign an agreement.  Based on Plaintiff's best recollection, the agreement Defendant presented to her contained, among other things, a non-disclosure provision and an agreement not to file suit against Defendant.

53.    The amount that Defendant offered to Plaintiff did not fully compensate her for all time autodeducted and it did not compensate Plaintiff, at all, for overtime owed.

54.    Plaintiff declined to sign the proposed agreement.

55.    Plaintiff's employment with Defendant ended on November 29, 2018.

56.    On or about December 14, 2018, Defendant sent Plaintiff a letter purporting to pay plaintiff for the lunch periods "not taken."  However, the December 14, 2018 correspondence notified Plaintiff that it was not compensating her for the days in which she took 15-minute breaks.  The December 14, 2018 correspondence incorrectly claimed that, "[t]he additional hours did not result in any overtime hours worked."

57.    On information and belief, in recent weeks, Defendant has been meeting with current non-exempt employees and offering to pay them for time in

13

which breaks were autodeducted but were not taken, provided that the employees

sign an agreement.[1]

58.    On information and belief, Defendant has made no offers to former

employees to pay them for time in which breaks were autodeducted but were not

taken.

59.    Throughout the relevant period, Defendant regularly, and as a routine

policy and practice, autodeducted time actually worked by non-exempt employees

who worked in Customer Service and Operations such that these employees were

not paid for all time worked, and Defendant was unjustly enriched.

60.    Throughout the relevant period, Defendant regularly, and as a routine

policy and practice, autodeducted time actually worked by non-exempt employees

who worked in Customer Service and Operations in workweeks in which such

employees worked in excess of 40 hours per week, resulting in a failure to pay

overtime wages in violation of the FLSA.

61.    Throughout the relevant period, Defendant regularly, and as a routine

policy and practice, failed to include production bonuses in the overall compensation

of employees in pay periods in which such employees worked in excess of 40 hours

---

[1] To the extent that Defendant is attempting to have their employees privately release
their FLSA claims, such releases are invalid. *See Nall v. Mal-Motels, Inc.*, 723 F.3d
1304, 1307 (11th Cir. 2013).

14

per week, resulting in a failure to pay the full amount of overtime wages in violation of the FLSA

62.    Defendant's unlawful conduct described herein is pursuant to a policy or practice of minimizing labor costs by violating the FLSA.

63.    Defendant was, or should have been, aware that the FLSA requires it to pay non-exempt employees overtime at a rate of one and one-half their regular rate for all time worked in excess of 40 hours per workweek.

64.    Defendant's failure to pay Plaintiff and other non-exempt employees the full amount of overtime wages due was willful and was not in good faith.

65.    During Plaintiff's employment, Defendant promised Plaintiff and other employees a "Sign-on Bonus" should an employee successfully assist a veterinary clinic "sign on" to use Defendant instead of one of Defendant's competitors.

66.    In reliance upon this representation, Plaintiff assisted Peachtree City Animal Clinic "sign on" to use Defendant instead of a competitor.

67.    Pursuant to the agreement, Plaintiff requested, but never received, the agreed upon "sign on" bonus.

## COLLECTIVE ACTION ALLEGATIONS

68.    Plaintiff brings this action on behalf of herself and all other similarly situated persons, pursuant to 29 U.S.C. § 216(b).

69.    Plaintiff alleges two Collective groups, the FLSA Deduction Collective and the FLSA Bonus Collective.

70.    The FLSA Deduction Collective is defined as non-exempt employees who worked for Defendant in Customer Service and Operations, who worked in excess of 40 hours in one or more workweeks, and who were not paid all overtime due because of Defendant's policy of autodeducting time actually worked.

71.    The FLSA Bonus Collective is defined as non-exempt employees who worked in excess of 40 hours in one or more workweeks in pay periods in which they received production bonuses.

72.    The FLSA Deduction Collective and FLSA Bonus Collective are limited to those similarly situated persons who Defendant employed within three years preceding the filing of the Complaint.

73.    The FLSA Deduction Collective is so numerous that joinder of all members is impracticable.   Although the precise number of such persons is unknown, and the facts upon which the calculation of that number is dependent are in the sole possession of Defendant, upon information and belief, there are more than

16

20 members of the FLSA Deduction Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims.

74.    The FLSA Bonus Collective is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number is dependent are in the sole possession of Defendant, upon information and belief, there are more than 30 members of the FLSA Bonus Collective, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, and/or knowledge of their claims

75.    Plaintiff will fairly and adequately protect the interests of the members of the FLSA Deduction Collective and FLSA Bonus Collective and has retained counsel who is experienced and competent in the fields of wage and hour law and collective action litigation.

76.    Plaintiff and members of the FLSA Deduction Collective are similarly situated with respect to the FLSA violation alleged; specifically, they worked overtime hours that were not paid because Defendant unlawfully deducted such hours.

77.    Plaintiff and members of the FLSA Bonus Collective are similarly situation with respect to the FLSA violation alleged; specifically, Defendant failed to include production bonuses in the overtime rate when calculating the proper and full amount to pay them for hours worked in excess of 40 per workweek.

## CLASS ACTION ALLEGATIONS

78.    Throughout the relevant period and until November 17, 2018, Defendant regularly, and as an official uniform practice, deducted 30 minutes from the time of non-exempt employees who worked in Customer Service and Operations, and worked a shift of over five hours, when in fact such employees frequently did not take 30 minutes for a break, or took less than 30 minutes for a break.

79.    The consequence of these improper deductions is that Defendant has been unjustly enriched as to this class of non-exempt employees, given that its non-exempt employees conferred a benefit to Defendant – their work time – for which they have not been compensated.

80.    The class of employees upon whose behalf Plaintiff seeks relief, the "Rule 23 Class," is accordingly all non-exempt employees who worked for Defendant in Customer Service and Operations in the State of Georgia from four years preceding this Complaint to November 17, 2018.

81.    The Rule 23 Class seeks recovery for the class members for those workweeks in which the improper deductions occurred and the class members did not work in excess of forty hours, *i.e.*, those workweeks in which the deducted time does not fall within the protections of the FLSA's overtime requirements.  These workweeks shall be readily identified by Defendant's records for each class member.

82.    Certification of the Rule 23 Class is the most efficient and economical means of resolving the questions of law and fact that are common to the claims of Plaintiff and the Rule 23 Class.

83.    The class is so numerous that joinder of all members is impracticable. While the records regarding the exact number of Rule 23 Class members is in the possession of Defendant, on information and belief, there are more than 20 Rule 23 Class Members.

84.    Plaintiff's pursuit of her claims will require the adjudication of questions of law and fact common to her claims and those of the Rule 23 class she seeks to represent.

85.    The common questions of law include: (a) whether Plaintiff and the Rule 23 class conferred a benefit upon Defendant by working for periods of time for which they were not paid because of the improper autodeduction; and (b) whether

Defendant should compensate Plaintiff and the Rule 23 Class for the uncompensated time worked.

86.    The common question of fact will be the uniform application of Defendant's autodeduction policy to deprive Plaintiff and the Rule 23 Class of payment for all of the time that they actually performed work on behalf of Defendant.

87.    Plaintiff's claims are typical of the claims of the Rule 23 Class. Plaintiff's claim is simply that Defendant uniformly applied an autodeduction to her and the Rule 23 Class that subtracted 30 minutes from their time each day that they worked a shift of five or more hours, irrespective of the fact that they frequently did not take 30 minute breaks, resulting in a benefit conferred to Defendant for which it should properly compensate Plaintiff and the Rule 23 Class.

88.    The relief Plaintiff seeks – payment of the time that Defendant unlawfully subtracted, with interest – is identical to relief she seeks on behalf of the Rule 23 Class.

89.    Plaintiff is an adequate class representative.  Her interests are entirely aligned with those of the Rule 23 Class and she is willing and able to represent the Rule 23 Class fairly and vigorously as she pursues her similar individual claims in this action.

90.     Plaintiff has retained counsel who is qualified, experienced and able to conduct this litigation.

91.     Common issues of law and fact – the unjust enrichment resulting from Defendant's uniform policy of autodeduction – will predominate over any questions affecting only individual members.

**COUNT ONE**
**(Individual FLSA Claims)**
**Willful Failure to Pay Overtime Wages in Violation of the FLSA**

92.     Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

93.     At all relevant times, Defendant was, and continues to be, an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 207.

94.     At all relevant times, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 207.

95.     Upon information and belief, Defendant has annual gross revenues in excess of $500,000.00.

96.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

97.    The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff.

98.    The FLSA requires employers, such as Defendant, to compensate employees such as Plaintiff at a rate of one and one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

99.    Defendant violated the FLSA by failing to pay Plaintiff the proper amount of overtime because it unlawfully deducted from her work hours time that she actually worked in workweeks in which she worked in excess of 40 hours.

100.    Defendant additionally violated the FLSA by failing to pay Plaintiff the proper amount of overtime because it failed to include production bonuses when calculating her regular rate of pay for purposes of paying the full amount of overtime wages due in workweeks in which she both worked in excess of 40 hours and earned the production bonus.

101.    Defendant failed to maintain accurate records of the actual work hours of Plaintiff in violation of the FLSA's recordkeeping requirements.

102.    Defendant engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and other similarly situated employees all overtime wages due.

103.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

104.   Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

105.   Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant her unpaid overtime wages for each workweek within the limitations period, and an additional and equal amount of liquidated damages for Defendant's violations of the FLSA, and reasonable attorneys' fees and costs of litigation.

**COUNT TWO**
**(Collective FLSA Claims)**
**<u>Willful Failure to Pay Overtime Wages in Violation of the FLSA</u>**
**<u>Based on Unlawful Deductions – "FLSA Deduction Collective"</u>**

106.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

107.   Plaintiff seeks to represent the following collective group of non-exempt employees who Defendant failed to pay all overtime wages due because of its systemic autodeduction policy which impacted weeks in which they worked in excess of 40 hours:

23

All non-exempt employees who worked for Defendant in Customer Service and Operations from three years preceding this Complaint to November 17, 2018 and who worked in excess of 40 hours per week.

This is the "FLSA Deduction Collective."

108.   At all relevant times, Defendant was, and continues to be, an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 207.

109.   At all relevant times, Plaintiff and members of the FLSA Deduction Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 207.

110.   Upon information and belief, Defendant has annual gross revenues in excess of $500,000.00.

111.   At all relevant times, Defendant employed Plaintiff and members of the FLSA Deduction Collective within the meaning of the FLSA.

112.   The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and members of the FLSA Deduction Collective.

113.   The FLSA requires employers, such as Defendant, to compensate employees such as Plaintiff and members of the FLSA Deduction Collective at a rate of one and one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

114.    Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Deduction Collective the proper amount of overtime because it unlawfully deducted from their work hours time that they actually worked in workweeks in which they worked in excess of 40 hours.

115.    Defendant failed to maintain accurate records of the actual work hours of Plaintiff and the FLSA Deduction Collective in violation of the FLSA's recordkeeping requirements.

116.    Defendant engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and the FLSA Deduction Collective all overtime wages due.

117.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

118.    Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Deduction Collective.

119.    Defendant is liable to Plaintiff and the FLSA Deduction Collective for all unpaid overtime wages in the statutory period, liquidated damages, reasonable attorneys' fees and costs.

## COUNT THREE
### (Collective FLSA Claims)
### <u>Willful Failure to Pay Overtime Wages in Violation of the FLSA Based on Failure to Include Bonuses in Regular Rate – "FLSA Bonus Collective"</u>

120.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

121.   Plaintiff seeks to represent the following collective group of non-exempt employees who were deprived of all overtime wages due based on Defendant's failure to include production bonuses in the regular rate when calculating overtime:

> All non-exempt employees who worked for Defendant from three years preceding this Complaint until conditional certification and who worked in excess of 40 hours per week during pay periods for which they received production bonuses.

This is the "FLSA Bonus Collective."

122.   At all relevant times, Defendant was, and continues to be, an employer engaged in commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 207.

123.   At all relevant times, Plaintiff and members of the FLSA Bonus Collective were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203, 207.

124.   Upon information and belief, Defendant has annual gross revenues in excess of $500,000.00.

26

125.   At all relevant times, Defendant employed Plaintiff and members of the FLSA Bonus Collective within the meaning of the FLSA.

126.   The overtime wage provisions set forth in the FLSA apply to Defendant and protect Plaintiff and members of the FLSA Bonus Collective.

127.   The FLSA requires employers, such as Defendant, to compensate employees such as Plaintiff and members of the FLSA Bonus Collective at a rate of one and one-half the regular rate of pay for all hours worked in excess of 40 in each workweek.

128.   Defendant violated the FLSA by failing to pay Plaintiff and the FLSA Bonus Collective the proper amount of overtime because it failed to include production bonuses when calculating their regular rate of pay for purposes of paying the full amount of overtime wages due in workweeks in which they both worked in excess of 40 hours and earned the production bonus.

129.   Defendant engaged in a routine and widespread pattern, policy and practice of violating the FLSA by failing to pay Plaintiff and the FLSA Bonus Collective all overtime wages due.

130.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Because Defendant's violations of

the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

131.   Defendant did not make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Bonus Collective.

132.   Defendant is liable to Plaintiff and the FLSA Bonus Collective for all unpaid overtime wages in the statutory period, liquidated damages, reasonable attorneys' fees and costs.

### COUNT FOUR
### (Individual Unjust Enrichment Claim)
### Unjust Enrichment Based on Failure to Pay for Time Worked

133.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

134.   By performing work for Defendant, Plaintiff conferred a benefit to Defendant.

135.   Through its systemic policy of autodeducting 30 minutes each day that Plaintiff worked a shift of five or more hours, including days in which Plaintiff either (a) did not take a break; or (b) took a break that was shorter than 30 minutes, Defendant has been unjustly enriched.

136.   Equity demands that Defendant compensate Plaintiff at the agreed-upon rate of pay for all time she worked.

28

137.   Plaintiff therefore requests that the Court order that Defendant compensate her for all time worked for which she was not paid, at the then agreed-upon hourly rate, except the time worked in excess of 40 hours per week and is therefore covered by the FLSA, and the FLSA claims asserted herein.

**COUNT FIVE**
**(Class Unjust Enrichment Claim)**
**<u>Unjust Enrichment Based on Failure to Pay for</u>**
**<u>Time Worked – "Rule 23 Class"</u>**

138.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

139.   By performing work for Defendant, Plaintiff and other non-exempt employees who worked for Defendant in Customer Service and Operations conferred a benefit to Defendant.

140.   Through its systemic policy of autodeducting 30 minutes each day that Plaintiff and other non-exempt employees who worked for Defendant in Customer Service and Operations worked a shift of five or more hours, including days in which these employees either (a) did not take a break; or (b) took a break that was shorter than 30 minutes, Defendant has been unjustly enriched.

141.   Plaintiff seeks to represent the following class of non-exempt employees who Defendant failed to pay all wages due because of the systemic policy

of autodeducting 30 minutes of time regardless of whether the employees took a 30-minute break, or took a shorter break:

> All non-exempt employees who worked for Defendant in Customer Service and Operations in the State of Georgia from four years preceding this Complaint to November 17, 2018.

This is the "Rule 23 Class."

142.   On behalf of the Rule 23 Class, Plaintiff seeks payment for all time worked but not compensated, in workweeks in which the members of the Rule 23 Class worked 40 or fewer hours, at the applicable agreed-upon hourly rate.   On behalf of the Rule 23 Class, Plaintiff additionally seeks interest on this amount.

## COUNT SIX
### (Individual Breach of Contract Claim)
### Failure to Pay Agreed-Upon Sign-On Bonus

143.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

144.   During Plaintiff's employment, Defendant promised Plaintiff and other employees a "Sign-on Bonus" should an employee successfully assist a veterinary clinic "sign on" to use Defendant instead of one of Defendant's competitors.

145.   In reliance upon this representation, Plaintiff assisted Peachtree City Animal Clinic "sign on" to use Defendant instead of a competitor.

146.   Pursuant to the agreement, Plaintiff requested, but never received, the agreed upon bonus.

147.   Defendant is liable to Plaintiff for breach of contract, and Plaintiff is entitled to the bonus, as well as interest at the applicable rate.

## COUNT SEVEN
### (Individual and Class Claim for Expenses of Litigation)
### Expenses of Litigation for State Law Claims Pursuant to O.C.G.A. § 13-6-11

148.   Plaintiff reasserts and incorporates by reference all preceding paragraphs of the Complaint.

149.   With respect to the state law claims which Plaintiff asserts on her own behalf, and on behalf of the Rule 23 Class, Defendant's conduct was in bad faith and has caused Plaintiff and the Rule 23 Class unnecessary trouble and expense.

150.   Pursuant to O.C.G.A. § 13-6-11, Defendant is liable for Plaintiff and the Rule 23 Class' expenses of litigation, including reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, the FLSA Deduction Collective, the FLSA Bonus Collective, and the Rule 23 Class requests the following relief:

a)    Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the FLSA Deduction Collective as defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

b)    Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons in the FLSA Bonus Collective as defined herein, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b) and tolling of the statute of limitations;

c)    Certification of the Rule 23 Class, as defined herein, pursuant to Federal Rule of Civil Procedure 23(b)(3), appointment of Plaintiff as representative of the

Class and appointment of the lawyer and law firm representing Plaintiff as counsel for the Rule 23 Class;

d)      A declaratory judgment that the Defendant's practices complained of herein are unlawful under the FLSA;

e)      An award of unpaid overtime wages due Plaintiff and the FLSA Deduction Collective under the FLSA;

f)      An award of unpaid overtime wages due Plaintiff and the FLSA Bonus Collective under the FLSA;

g)      An award of liquidated damages as result of Defendant's failure to pay overtime wages under the FLSA;

h)      An award of all non-compensated time at the applicable, agreed-upon rates to Plaintiff and the Rule 23 Class for all workweeks in which the class members worked forty or fewer hours and were not fully compensated;

i)      An award to Plaintiff of the full amount of the unpaid sign-on bonus;

j)      An award of prejudgment and post-judgment interest;

k)      An award of costs and expenses of this action, including reasonable attorneys' and expert fees; and

l)      For such other and further relief, including declaratory relief, as the Court may deem proper.

Plaintiff hereby demands a **JURY TRIAL** on all issues so triable.

Dated this 23rd day of January, 2019.

Respectfully submitted,

*/s/ Justin M. Scott*
Justin M. Scott
Georgia Bar No. 557463
SCOTT EMPLOYMENT LAW, P.C.
246 Sycamore Street
Suite 150
Decatur, Georgia 30030
Telephone: 678.780.4880
Facsimile: 478.575.2590
jscott@scottemploymentlaw.com