# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CLARKE BROWN, individually and on behalf of all similarly situated persons,<br><br>    Plaintiff,<br><br>v.<br><br>PAWS, WHISKERS & WAGS, LLC,<br><br>    Defendant. | Civil Action No. 1:19-cv-00395-AT<br><br><br>JURY TRIAL DEMANDED |

## ORDER GRANTING PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT AGREEMENT

This matter comes before the Court on the Parties' Joint Motion for Preliminary Approval of their Class Action Settlement Agreement. Plaintiff Clarke Brown ("Plaintiff") asserts individual, collective and class action claims against Defendant Paws, Whiskers & Wags, LLC ("Defendant"). Plaintiff, a former employee of Defendant, claims violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA") and Georgia state law claims based on two primary factual allegations:

1. The allegation that, until November 17, 2018, Defendant auto-deducted 30-minute meal periods for Defendant's non-exempt employees when

1

such employees worked shifts of 5 hours or more, notwithstanding that Plaintiff and other employees who worked in Customer Service and Operations frequently did not take 30-minute meal periods.

2. The allegation that Defendant paid production bonuses to Plaintiff and other non-exempt employees but did not include such production bonuses in the regular rate of pay when calculating overtime payments.

Based on these factual allegations, in her Collective and Class Action Complaint, Plaintiff sought to represent three collective and class groups of employees:

1. A collective action under the FLSA on behalf of all non-exempt employees who worked for Defendant in Customer Service and Operations from three years preceding the Complaint to November 17, 2018 and who worked in excess of 40 hours per week (the "Putative FLSA Deduction Collective");

2. A collective action under the FLSA on behalf of all non-exempt employees who worked for Defendant from three years preceding the Complaint until conditional certification and who worked in excess of 40 hours per week during pay periods for which they received production bonuses (the "Putative FLSA Bonus Collective");

3. A class action for unjust enrichment pursuant to Federal Rule of Civil Procedure 23 on behalf of all non-exempt employees who worked for Defendant in Customer Service and Operations in the State of Georgia from four years preceding the Complaint to November 17, 2018 (the "Putative Rule 23 Class").

Regarding the factual allegations underlying Plaintiff's claims, Defendant's position is as follows:

1. With respect to Plaintiff's claims based on the meal period auto-deduction, Defendant agrees that, from March 28, 2016 to November 19, 2018, Defendant utilized a third-party payroll provider, ADP, which auto-deducted 30 minutes when non-exempt employees worked shifts of 5 hours or more. Defendant agrees that this resulted in some underpayment to non-exempt employees who worked in the Customer Service and Operations positions, but denies that such employees regularly missed their 30 minute meal periods, and further denies that the underpayment was willful. These auto-deductions did not occur with respect to employees who worked for Defendant outside of Georgia.

    2.    With respect to Plaintiff's claims based on the non-inclusion of production bonuses in the regular rate of pay when calculating overtime, Defendant admits that it paid production bonuses and did not include them in non-exempt employees' regular rate of pay when calculating overtime. Defendant denies that the FLSA required it to include such bonuses in the regular rate of pay.

Following their respective fact investigations, review of reports submitted by some of Defendant's employees regarding meal periods missed, and months of arms' length negotiations, the Parties have reached a settlement, pursuant to which Defendant will (a) compensate members of the Settlement Class for unpaid wages, including overtime wages using an average of 40% missed auto-deducted meal periods; and (b) compensate members of the Settlement Class for unpaid overtime wages resulting from the non-inclusion of production bonuses in the regular rate of pay when calculating overtime.

For purposes of this settlement, Plaintiffs seek, and Defendant consents to, certification of an opt-in "claims made" settlement class pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and Federal Rule of Civil Procedure 23. The Settlement Class is defined as:

    1.    Individuals who worked for Defendant in Georgia in the positions of Customer Service and Operations between 2016 and December 2018 and who are eligible for additional wages, including overtime wages, pursuant to the Class Action Settlement Agreement because the amount calculated through the Auto-Deduction Settlement Formula exceeds the amount they have already been paid for missed meal periods which were auto-deducted; <u>and</u>

    2.    Individuals who worked for Defendant as non-exempt employees at any time in the three-year period preceding the filing of the Complaint who earned production bonuses attributable to workweeks in which they worked overtime.

Members of the Settlement Class may be in one or both subgroups.

The Parties request that the Court enter an Order: (i) preliminarily approving their Class Action Settlement Agreement and preliminarily certifying the Settlement Class; (ii) approving the form and content, and authorizing distribution of, the Revised Notice submitted to the Court on July 30, 2019 following the Court's teleconference with the Parties, and the Consent to Join Form (Exhibit D to the Class Action Settlement Agreement); (iii) setting a deadline of forty-five (45) calendar days from issuance of the Notice for the execution and return of Valid

Consent to Join Forms; (iv) setting a deadline of thirty (30) calendar days from issuance of the Notice for the filing of written objections; and (v) setting the date for the Final Fairness Hearing.

Having reviewed and considered the Class Action Settlement Agreement, the Motion, and the supporting documentation, the Court makes the findings and grants the relief set forth below, authorizing the Revised Notice of the settlement upon the terms and conditions set forth in this Order.  Terms and phrases in this Order shall have the same meaning as defined in the Settlement Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. On the basis of the findings set forth below, the Court hereby certifies the Settlement Class pursuant to Federal Rule of Civil Procedure 23 and Section 216(b) of the FLSA for settlement purposes only.  The Court appoints Justin M. Scott of Scott Employment Law, P.C. as counsel for the Settlement Class.

2. As provided for in the Class Action Settlement Agreement, if this Court does not grant final approval of the proposed settlement set forth in the Class Settlement Agreement, then the Class Action Settlement Agreement, and the certification of the Settlement Class provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of collective action

certification or any other issue.  Should the Court deny final approval of the Parties' Class Action Settlement Agreement, the statute of limitations on the FLSA claims of members of the putative class and collective actions shall have been deemed to be tolled between March 29, 2019 and the date the Court issues its Order denying approval of the Agreement.

3. The Court approves as to form and content the Revised Notice submitted by the Parties on July 30, 2019 and the Consent to Join Form (Exhibit D to the Class Action Settlement Agreement), and authorizes distribution of the same. The proposed Notice clearly and accurately describes the nature of the litigation, Plaintiffs' claims and Defendant's defenses, and the definition of the Settlement Class.  The Notice apprises members of the Settlement Class of their ability to participate in the settlement or object to it, and the manner by which to do so.  The Court further approves the Reminder Notice (Exhibit E to the Class Action Settlement Agreement).

4. Members of the Settlement Class who wish to participate in the settlement shall complete and return a Valid Claim Form so that it is mailed within 45 calendar days after the Notice and Consent to Join Form are post-marked to members of the Settlement Class. The Consent to Join Form must be completed in accordance with the instructions on the Consent to Join Form and comply with the

requirements set forth in the Notice.  All members of the Settlement Class who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the settlement set forth in the Class Action Settlement Agreement.

5. Each member of the Settlement Class wishing to object to the settlement shall submit a timely written notice of his or her objection, per the terms of the Class Action Settlement Agreement.  To be timely, written notice of an objection in the appropriate form must be filed with the Clerk of the United States District Court for the Northern District of Georgia on or before 30 calendar days after the mailing date of the Notice and Consent to Join Form.  Although the Notice requests that the notice of objection also be served upon counsel for the parties, the filing of the notice of objection with the Court within the prescribed period shall be sufficient to preserve the objection.

6. A member of the Settlement Class may appear at the Final Fairness Hearing and show cause, if any, why the proposed Class Action Settlement Agreement should or should not be entered thereon; provided, however, that he or she must first timely file and serve written notice of his or her objection per the terms of the Class Action Settlement Agreement.

7.     The Court authorizes the distribution of the Notice and Consent to Join Forms by first-class U.S. mail and email to members of the Settlement Class in accordance with the terms of the Class Action Settlement Agreement.

8.     A final fairness hearing shall be held before this Court on October 2, 2019 at 2:00 P.M. at the United States District Court for the Northern District of Georgia, Atlanta Division, Richard B. Russell Federal Building, 2211 United States Courthouse, Courtroom No. 2308, 75 Ted Turner Drive, SW, Atlanta, GA 30303 to determine: (i) whether final approval of the settlement should be granted; (ii) whether, and in what amount, attorneys' fees and lawsuit costs should be awarded to Plaintiffs' Counsel; and (iii) whether, and in what amount, the service payment set forth in the Class Action Settlement Agreement should be made to the named Plaintiff.  The Court may adjourn and/or continue the Final Fairness Hearing without further notice to members of the Settlement Class.

IT IS SO ORDERED this 30th day of July, 2019.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**