# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CLARKE BROWN, individually and on behalf of all similarly situated persons, | Civil Action No. 1:19-cv-00395-AT |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| PAWS, WHISKERS & WAGS, LLC, | |
| Defendant. | |

**DECLARATION OF JUSTIN M. SCOTT IN SUPPORT OF
JOINT MOTION FOR FINAL SETTLEMENT APPROVAL**

I, Justin M. Scott, declare the following to be true and correct, pursuant to 28 U.S.C. § 1746:

1.     I have been a licensed attorney in the State of Georgia since 2007.  I am competent to give this Declaration, which is based on my personal knowledge.  I represent Plaintiff in this matter.

**Qualifications and Relevant Case Experience**

2.     I graduated with honors from Emory University School of Law in 2007. I have practiced employment law since that time, with a specific focus on wage-and-hour litigation.  I am a member in good standing of both the Georgia and California

1

bars and have litigated employment matters throughout the country.  For the vast majority of my career, I have represented defendants in employment matters, practicing with large law firms, most recently, Paul Hastings LLP.  I have tried multiple employment cases to verdict, including a recent bellwether wage-and-hour misclassification case in the United States District Court for the Central District of California, *Bargas v. Rite Aid Corp.*, 245 F.Supp.3d 1191 (C.D. Cal. 2017).

3.     I have litigated numerous wage-and-hour class and collective actions and scores of individual wage-and-hour actions.  I have been counsel of record in tens of class, collective, or hybrid Rule 23/216(b) wage-and-hour actions, including the following matters:

- *Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (JPO) (S.D.N.Y.) (hybrid Rule 23/collective action alleging misclassification and failure to pay overtime in violation of the FLSA and New York Labor Law)

- *Craig v. Rite Aid Corp.*, No. 4:08-CV-2317 (M.D. Pa.) (collective action alleging misclassification and failure to pay overtime in violation of FLSA)

- *Eaton et al. v. Rite Aid Corp.*, No. 090400455 (Philadelphia Court of Common Pleas) (putative class action alleging misclassification and failure to pay overtime in violation of Pennsylvania state laws)

- *Ibea v. Rite Aid Corp.*, No. 11-cv-5260(JSR)(HBP) (S.D.N.Y.) (collective action alleging misclassification and failure to pay overtime in violation of FLSA)

- *Deane et al. v. Fastenal Co.*, No. 11-CV-0042 YGR (N.D. Cal.) (putative collective action alleging misclassification and failure to pay overtime in violation of the FLSA)

- *Winn v. Jacobs Engineering Group, Inc.*, No. 2:11-cv-01571-DCN-BHN (D.S.C.) (putative collective action alleging misclassification and failure to pay overtime in violation of the FLSA)

- *Bentley v. Flood Brothers, Inc.*, NDGA, 1:13-cv-02282-RWS (N.D. Ga.) (collective action alleging failure to pay overtime in violation of the FLSA) (co-lead counsel)

- *Eason v. Bridgewater & Associates*, 108 F. Supp. 3d 1358 (N.D. Ga. 2015) (collective action alleging failure to pay overtime in violation of the FLSA).

- *Pacheco v. TFS Facility Services, LLC*, NDGA, 1:13-cv-03473-TCB (N.D. Ga.) (putative collective action alleging failure to pay overtime in violation of the FLSA) (co-lead counsel)

- *Lindsey v. Sizewise Rentals, LLC*, No. RG1576172 (Superior Court of Alameda County, California) (class action alleging failure to pay wages in

3

violation of California state law based on, *inter alia*, allegedly auto-deducted meal periods)

- *Campbell et al. v. Vitran Express Inc.*, No. CV 11-5029 RGK (SHx) (C.D. Cal.) (representative action brought under California's Private Attorney General Act alleging violations of California Labor Code based on alleged failure to provide meal and rest breaks)

- *Meza v. S.S. Skikos*, No. 15-cv-01889-TEH (N.D. Cal.) (hybrid class and collective action alleging failure to pay wages in violation of the FLSA and the California Labor Code)

- *Helmick et al. v. Air Methods Corp.*, No. RG131665373 (Superior Court of Alameda County, California) (class action alleging violations of California Labor Code based on alleged misclassification and failure to pay wages)

- *Dyer et al. v. Alorica, Inc.*, No. 1:18-cv-03900 (N.D. Ga.) (putative collective action alleging failure to pay overtime in violation of the FLSA based on allegations of off-the-clock work and failure to include bonuses in the regular rate of pay)

4.     I have co-authored multiple articles on wage-and-hour law in leading publications and have been a contributing editor to the treatise, *Employment Discrimination Law, Lindemann & Grossman*.

4

5.     In March 2018, I founded Scott Employment Law, P.C., where I focus entirely on employment litigation and advice.  I represent both plaintiffs and defendants in a wide variety of employment law matters.  I frequently represent clients on an hourly basis and I customarily bill my hourly clients at a rate of $350 per hour.

6.     I have been selected multiple times as a *Rising Star* by Super Lawyers Magazine, both in Georgia and California.

### Case Initiation and Initial Fact Investigation

7.     I started my work on this case in mid-December 2018, when I first met with Ms. Brown, consulted with her regarding her claims, and reviewed the documents she provided, which included her pay stubs and time punch records, which Defendant Paws, Whiskers & Wags, LLC ("PW&W") had provided to her.

8.     Over approximately the next five weeks, I conducted a thorough analysis of Ms. Brown's records, corresponded with her, and conducted interviews with six former employees of PW&W (out of eight attempted interviews).

9.     Following the interviews and ongoing correspondence with Ms. Brown, I continued to research and prepare the Collective and Class Action Complaint, which I filed on January 23, 2019, advancing the filing costs on behalf of Plaintiff.

## Settlement Discussions and Analysis

10.    On January 28, 2019, I was contacted by Edward D. Buckley, counsel for PW&W, and we immediately began discussing the merits of Plaintiff's claims and Defendant's defenses.

11.    I previously worked with Mr. Buckley as an attorney at his firm, then Buckley & Klein, LLP, from approximately June 2012 to June 2014.  I have a great deal of respect for Mr. Buckley and his firm and my trust in Mr. Buckley and his representations helped facilitate and expedite the settlement process.  However, our negotiations were non-combatively adversarial, and I negotiated with Mr. Buckley and his colleague, Thomas Mew, IV, at arm's length throughout the settlement process.

12.    Settlement discussions began in earnest on January 30, 2019, with my first proposal regarding how to engineer the class action settlement.

13.    On March 14, 2019, I met with Mr. Buckley and Mr. Mew to conduct the Rule 26(f) conference and to discuss settlement.  In that meeting, I was provided with information regarding the start and end-dates for the auto-deduction (March 2016 through November 2018), substantiated by correspondence with the payroll company which handled PW&W's time prior to the auto-deduction period.  I was also provided with information regarding the number of putative class members, and

the number of months in each year during the relevant period in which production bonuses were paid.  Mr. Buckley and Mr. Mew made a settlement proposal based on that information, and we candidly discussed our respective fact investigations as bearing on the merits of the claims and the percentage of meal periods missed.

14.    On March 26, 2019, for purposes of evaluating settlement, I was provided with a breakdown per class member of amounts owed assuming that each class member missed 100% of the auto-deducted meal periods, which also included a record of the meal periods reported missed by each Paid Reporting Employee (those employees who reported and were paid for missed meal periods prior to the litigation) and the amounts paid by PW&W to those persons.  The breakdown additionally included calculations regarding overtime wages owed if the production bonuses were included in the regular rate for the putative class members.  I analyzed the percentage of missed meal periods by employee, the average of those percentages, and the total reported missed meal periods (40.2%, or 871 of 2168).

15.    From early February 2019 to late March 2019, I had ongoing and frequent dialogue with Plaintiff regarding the positions both parties were taken regarding the facts and our settlement proposals.  These communications were in-person, telephonic and by email.

16.    On March 29, 2019, following a total of six proposals and counter-proposals, the parties reached an agreement in principle, in which PW&W agreed to (1) pay Plaintiff and the putative class in full for all auto-deducted meal periods, including any overtime, based on the estimate that 40% of the meal periods were missed; and (2) pay Plaintiff and the putative class in full (100%) of the increased overtime based on the inclusion of the production bonuses in the regular rate of pay when calculating overtime.  This agreement was contingent upon my subsequent verification of all calculations and methods used to account for the wages owed due to the crediting of the meal periods and the regular rate calculations.  The parties further agreed to table the amount of attorneys' fees and costs until the agreement as to Plaintiff and the putative class was finalized, and that the settlement payment to Plaintiff and the putative class would not be diminished by the future agreement on attorney's fees and costs.  The parties also agreed that the settlement would be subject to Court approval.

17.    On April 16, 2019, at the PW&W location, I met in person with Mr. Buckley, Mr. Mew, Christine Hunsaker, the owner of PW&W and Brett Newbern, the PW&W's Vice President of Finance.  In that meeting, we discussed in depth the calculation of damages based on the agreed-upon 40% estimate and the manner in which the increased overtime resulting from the inclusion of the bonuses in the

regular rate was calculated.  I was also provided with a per-person breakdown of the amount of damages each individual would receive, which breakdown included the total amount and the amounts for each subcategory (e.g., regular wages, overtime wages, and overtime wages resulting from the bonus overtime increase).  The per-person breakdown also included the amount, if any, that PW&W had previously paid to each person.  That breakdown finally included the applicable hourly rate for each individual for each time period, based on PW&W's records.

18.   Following the April 16, 2019 meeting, I was provided with the raw data in Excel format for three exemplars, which contained the formulae used for each calculation.  In the following three weeks, I ran my own independent calculations to verify the amounts calculated.  I confirmed they were accurate and, in my opinion, compliant with the FLSA's mandate as to the proper calculation of overtime with the inclusion of production bonuses in the regular rate pursuant to, *inter alia*, 29 C.F.R. § 778.209.

19.   On May 8, 2019, I had a teleconference with Mr. Mew to discuss the data, the remaining information needed for settlement, and the form and manner of production.

20.   From May 8, 2019 through June 26, 2019, I continued to work with Mr. Mew on the calculations and amounts due to the proposed settlement class.  During

that time period, we resolved issues as to how the overtime calculations were being performed as to those employees who were receiving additional overtime based on the inclusion of production bonuses in the regular rates of pay for those workweeks in which the individuals worked overtime during months for which they received the production bonuses.

## **Opinion of Adequacy of Settlement**

21.     As set forth in my Declaration in support of the Parties' motion for preliminary approval, I believe this settlement to be adequate.  I am confident that, if the case were not to settle and to proceed, Plaintiff and all certified collective and class groups would succeed on the merits.  However, based on the factual record before me and my experience in this area, I recognize material risk with respect to (a) damages, and specifically proving damages in the context of missed meal periods which occurred over a multi-year period for which all evidence would be testimonial; (b) proving willfulness as to the FLSA claims regarding both the auto-deductions and the non-inclusion of the production bonuses in the regular rate; and (c) combating PW&W's evidence of good faith as to the FLSA claims.

22.     First, as to damages, we can prove with precision when the auto-deductions occurred across the class, based on the records.  However, all Parties, and all individuals interviewed, agreed that some meal periods were taken, and that some

meal periods were partially taken.  From an evidentiary standpoint, this would prove problematic at trial, as witnesses attempted to piece together on which weeks, months and years they were or were not able to take meal periods.  PW&W, for its part, has taken, and would take, the position that the rate of missed meal periods is substantially less than 40%, and would call supervisory witnesses who, to my understanding, would be expected to testify that missed meal periods were the exception.  Moreover, the data set upon which we relied in part to reach the 40% estimate agreement would assuredly be in evidence at trial and, faced with conflicting evidence, the finder of fact might well decide that the number indicated by that data set, and which we reached in the agreement, is correct: 40%.

23.    Given PW&W's immediate actions in discontinuing the auto-deduction in response to the first instance in which we can demonstrate, based on the evidence of which I am aware, that they were made aware of the problem and then voluntarily paying out employees for the meal periods that the employees reported were missed, I believe there is a substantial risk that we would not be able to persuade the trier of fact that PW&W's conduct was willful and, relatedly, that we would not be able to counter PW&W's argument as to its good faith.

24.    While the willfulness showing would certainly be possible, if PW&W successfully fended off both willfulness and demonstrated good faith, Plaintiff and

the Settlement Class would be in a worse position than the Class Action Settlement Agreement places them now.  In the Class Action Settlement Agreement, the time period runs back to the beginning of the auto-deduction (March 2016), whereas a finding that PW&W lacked willfulness would place the FLSA time period – at best, and assuming the Court ordered tolling for the opt-ins – in late January 2017.  I believe, therefore, that the compromise reached as to the FLSA *mens rea* issues – extending the period back three years but foregoing liquidated damages – is a net benefit to the Settlement Class, particularly given that the additional amount of liquidated damages, assuming the 40% missed meal periods held true, would be $7,752.23.  This is true in large part because the vast majority of damages were due to "gap time" claims, i.e. payment for workweeks in which there was no overtime.

25.     Lastly, I recognize that charging ahead with the litigation with a victory on the merits likely in hand, but with a questionable chance at materially increasing damages paid to the Plaintiff and the Settlement Class at some uncertain point in the future, is not in the best interests of either Plaintiff or the Settlement Class.  This route would virtually assure a scenario in which the attorneys' fees are exponentially greater than the damages paid out to the represented individuals.

## Time and Expenses Incurred

26.     On June 28, 2019, after the settlement amounts and terms were finalized as to Plaintiff and the Settlement Class, I sent Mr. Buckley and Mr. Mew my proposal for attorneys' fees and costs, which, as set forth below, were based entirely on actual my time in the case based on my regular rate.  I have now updated my billing entries to reflect time spent on this matter between June 28, 2019 and September 24, 2019.  In reviewing the records, I wrote off 3.5 hours (reducing 6.5 hours to 3 hours) on July 2, 2019 representing additional time I spent meeting with Plaintiff and finalizing the motion for preliminary approval.

27.     Through and including September 24, 2019, I spent in excess of 91.8 hours pursuing this matter on behalf of Plaintiff and the Settlement Class.  This equates to more than $32,130.00 in attorney's fees.  In addition, Tia Thornton, a former paralegal with Scott Employment Law, P.C. (who was then attending law school and has since taken the bar), spent time reviewing documents in this case; however, I have written off all of Ms. Thornton's time in this case.  Scott Employment Law, P.C. has also incurred expenses on behalf of Plaintiff in the amount of $596.60, comprised of $400.00 for the filing fee, $50.00 for service of process and $146.60 on courtesy copies for the Court.  I am therefore requesting, on behalf of my firm, reasonable attorney's fees and costs of $32,726.60.

28.    My time in this action was spent on, *inter alia*: meeting, conferencing and corresponding with Plaintiff; reviewing documents; interviewing witnesses; researching the case and potential defenses; preparing the Class and Collective Action Complaint and initial filing documents; conferencing and corresponding with counsel for PW&W regarding the merits of the case and potential resolution; negotiating settlement; preparing and revising motions to the Court in aid of settlement; meeting with PW&W representatives and analyzing data and records; resolving issues relating to payment to proposed members of the settlement class; and preparing the Class Action Settlement Agreement, including all exhibits, such as the proposed Notice, Consent to Join Form, Reminder Notice, Proposed Order and Notice of Compliance; preparing the Joint Motion for Preliminary Approval of the Class Action Settlement Agreement and supporting documents; attending the conference with the Court; working with defense counsel on the revision and distribution of the Court-Approved Notices; communicating with Settlement Class Members; and preparing the Joint Motion for Final Approval and accompanying memorandum and other supporting documents.  I have conducted a thorough review of my records and believe that all time spent on the action was reasonable and necessary to secure the outcome.  Included herewith as Attachment 1 are my

redacted contemporaneous billing records, generated and maintained in the ordinary course of business.

29.     As is customary when my firm takes on plaintiff's cases, my firm has a contingency fee agreement with Plaintiff, which entitles the firm to 40% of the net recovery the firm successfully obtains on her behalf.  As set forth in the Class Action Settlement Agreement and, as explained in the Memorandum of Law in Support of the parties Joint Motion for Preliminary Approval of the Class Action Settlement Agreement, my firm is instead seeking attorneys' fees and costs actually spent in this matter per the lodestar, which is customary in FLSA cases such as this one.

30.     My work on this case has prevented me from working on other matters, which is particularly impactful to a small law firm such as Scott Employment Law, P.C., given that my billable hours currently account for 100% of the firm's revenue. Recovery of my attorney's fees and costs actually spent in matters such as this one allows me to accept FLSA cases on a contingency basis and represent individuals who cannot afford to pay an hourly rate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Decatur, Georgia on September 26, 2019.

*/s/ Justin M. Scott*
Justin M. Scott

15

# ATTACHMENT 1

# Scott Employment Law, P.C.

## INVOICE



246 Sycamore Street, Suite 150
Decatur, GA 30030

Clarke Brown



## 00064-Brown

## Brown v. Paws, Whiskers & Wags, LLC

| Type | Date | Notes | Quantity | Rate | Total |
|------|------|-------|----------|------|-------|
| Service | 12/13/2018 | Prepare for and meet with client | 1.20 | $350.00 | $420.00 |
| Service | 12/13/2018 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 12/14/2018 | Correspond with client | 0.20 | $350.00 | $70.00 |
| Service | 12/15/2018 | Correspond with client | 0.20 | $350.00 | $70.00 |
| Service | 12/16/2018 | Review documents provided by client and correspond with paralegal regarding same | 0.20 | $350.00 | $70.00 |
| Service | 01/01/2019 | Correspond with client | 0.20 | $350.00 | $70.00 |
| Service | 01/05/2019 | Review time records and research all potential claims | 1.80 | $350.00 | $630.00 |
| Service | 01/05/2019 | Begin drafting complaint | 0.90 | $350.00 | $315.00 |
| Service | 01/06/2019 | Prepare itinerary for client meeting | 0.30 | $350.00 | $105.00 |
| Service | 01/06/2019 | Continue to prepare complaint | 1.30 | $350.00 | $455.00 |
| Service | 01/07/2019 | Continue fact investigation and conference and correspond with client regarding ███ | 1.10 | $350.00 | $385.00 |
| Service | 01/08/2019 | Correspond with client | 0.20 | $350.00 | $70.00 |
| Service | 01/12/2019 | Prepare for and interview witnesses | 1.90 | $350.00 | $665.00 |
| Service | 01/12/2019 | Continue to research and prepare Complaint | 2.20 | $350.00 | $770.00 |
| Service | 01/13/2019 | Continue to prepare Complaint | 1.10 | $350.00 | $385.00 |
| Service | 01/14/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 01/15/2019 | Meet with client | 0.20 | $350.00 | $70.00 |
| Service | 01/16/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 01/17/2019 | Review handbook | 0.30 | $350.00 | $105.00 |
| Service | 01/17/2019 | Continue to prepare complaint | 0.70 | $350.00 | $245.00 |
| Service | 01/18/2019 | Continue to prepare Complaint | 1.40 | $350.00 | $490.00 |
| Service | 01/18/2019 | Prepare opt-in form | 0.10 | $350.00 | $35.00 |
| Service | 01/21/2019 | Continue to prepare Complaint and correspond with client | 1.30 | $350.00 | $455.00 |
| Service | 01/22/2019 | Continue to prepare Complaint | 1.00 | $350.00 | $350.00 |
| Expense | 01/23/2019 | Reimbursable expenses: Filing fee | 1.00 | $400.00 | $400.00 |
| Service | 01/23/2019 | Continue to prepare Complaint, prepare civil cover sheet and summons, finalize and file | 0.80 | $350.00 | $280.00 |
| Service | 01/24/2019 | Review filings and manage service | 0.30 | $350.00 | $105.00 |
| Expense | 01/25/2019 | Reimbursable expenses: Service | 1.00 | $50.00 | $50.00 |
| Service | 01/28/2019 | Review standing order | 0.20 | $350.00 | $70.00 |
| Service | 01/28/2019 | Conference with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 01/29/2019 | Prepare, finalize and file certificate of compliance | 0.30 | $350.00 | $105.00 |
| Service | 01/30/2019 | Conference with opposing counsel | 0.30 | $350.00 | $105.00 |
| Service | 01/30/2019 | Review applicable local rules regarding class actions, including rules regarding communications and filing deadlines | 0.50 | $350.00 | $175.00 |
| Service | 01/30/2019 | Correspond with opposing counsel regarding initial settlement proposal and class communications | 0.80 | $350.00 | $280.00 |
| Service | 02/12/2019 | Conference with opposing counsel | 0.40 | $350.00 | $140.00 |
| Service | 02/12/2019 | Review consent motion | 0.10 | $350.00 | $35.00 |
| Service | 02/15/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 02/25/2019 | Conference with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 03/01/2019 | Begin reviewing answer | 0.20 | $350.00 | $70.00 |
| Service | 03/02/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 03/04/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 03/05/2019 | Review Defendant's Certificate of Interested Persons | 0.10 | $350.00 | $35.00 |
| Service | 03/05/2019 | Prepare, finalize and file Certificate of Interested Persons | 0.60 | $350.00 | $210.00 |
| Service | 03/05/2019 | Correspond with opposing counsel regarding 26(f) and contact with putative class members | 0.10 | $350.00 | $35.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 03/06/2019 | Prepare for and conference with client | 0.20 | $350.00 | $70.00 |
| Service | 03/06/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 03/06/2019 | Review and docket all deadlines | 0.30 | $350.00 | $105.00 |
| Service | 03/08/2019 | Conference with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 03/14/2019 | Prepare for and attend 26(f) and settlement conference | 1.80 | $350.00 | $630.00 |
| Service | 03/14/2019 | Review and revise joint motion to stay and continue related deadlines | 0.40 | $350.00 | $140.00 |
| Service | 03/16/2019 | Strategize regarding settlement and correspond with client | 0.30 | $350.00 | $105.00 |
| Service | 03/18/2019 | Prepare response to settlement offer and conference with client regarding same | 0.60 | $350.00 | $210.00 |
| Service | 03/18/2019 | Review court's order and docket deadlines | 0.20 | $350.00 | $70.00 |
| Service | 03/19/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 03/25/2019 | Conference with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 03/26/2019 | Conference and correspond with opposing counsel regarding settlement, analyze settlement proposal | 0.40 | $350.00 | $140.00 |
| Service | 03/27/2019 | Analyze settlement, conference with client regarding same, and prepare counteroffer regarding same | 1.90 | $350.00 | $665.00 |
| Service | 03/29/2019 | Continue analyzing and negotiating settlement | 0.60 | $350.00 | $210.00 |
| Service | 04/02/2019 | Conference with client | 0.20 | $350.00 | $70.00 |
| Service | 04/03/2019 | Correspond with client | 0.20 | $350.00 | $70.00 |
| Service | 04/03/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 04/04/2019 | Begin preparing proposed settlement agreement | 0.30 | $350.00 | $105.00 |
| Service | 04/07/2019 | Prepare settlement agreement | 1.40 | $350.00 | $490.00 |
| Service | 04/08/2019 | Continue to prepare settlement agreement | 2.00 | $350.00 | $700.00 |
| Service | 04/09/2019 | Continue to prepare settlement agreement and exhibits | 3.10 | $350.00 | $1,085.00 |
| Service | 04/10/2019 | Continue to prepare settlement agreement and exhibits | 1.60 | $350.00 | $560.00 |
| Service | 04/11/2019 | Continue to prepare settlement agreement and exhibits | 4.40 | $350.00 | $1,540.00 |
| Service | 04/12/2019 | Continue to prepare settlement agreement and exhibits | 1.40 | $350.00 | $490.00 |
| Service | 04/13/2019 | Continue preparing the settlement agreement and exhibits | 3.30 | $350.00 | $1,155.00 |
| Service | 04/16/2019 | Prepare for and meet with opposing counsel and party | 1.30 | $350.00 | $455.00 |
| Service | 04/16/2019 | Correspond with client | 0.30 | $350.00 | $105.00 |

| Service | 04/17/2019 | Conference with client regarding ███████ | 0.30 | $350.00 | $105.00 |
|---------|------------|------------------------------------------|------|---------|---------|
| Service | 04/18/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 04/19/2019 | Prepare joint motion to stay and correspond with opposing counsel regarding same | 0.60 | $350.00 | $210.00 |
| Service | 04/22/2019 | Continue to prepare, finalize and file joint motion for further stay | 0.70 | $350.00 | $245.00 |
| Service | 04/28/2019 | Review overtime calculations | 0.50 | $350.00 | $175.00 |
| Service | 04/29/2019 | Review pending deadlines and correspond with opposing counsel regarding joint motion and pending settlement | 0.20 | $350.00 | $70.00 |
| Service | 04/30/2019 | Continue to review settlement documents and calculations | 0.40 | $350.00 | $140.00 |
| Service | 04/30/2019 | Conference with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 05/01/2019 | Review new order and docket deadlines | 0.10 | $350.00 | $35.00 |
| Service | 05/01/2019 | Revise proposed notice and correspond with opposing counsel regarding same | 0.10 | $350.00 | $35.00 |
| Service | 05/03/2019 | Review revisions to settlement agreement and correspond with opposing counsel regarding same | 0.20 | $350.00 | $70.00 |
| Service | 05/08/2019 | Prepare for and conference with opposing counsel regarding settlement | 0.30 | $350.00 | $105.00 |
| Service | 05/09/2019 | Continue to prepare Class Action Settlement Agreement | 0.30 | $350.00 | $105.00 |
| Service | 05/09/2019 | Prepare joint motion for settlement approval and memorandum in support of same | 1.50 | $350.00 | $525.00 |
| Service | 05/10/2019 | Continue to research and prepare joint motion for approval of settlement and memorandum in support of same | 2.70 | $350.00 | $945.00 |
| Service | 05/10/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 05/11/2019 | Continue to research and prepare joint motion for approval of settlement agreement | 1.60 | $350.00 | $560.00 |
| Service | 05/13/2019 | Continue to prepare joint motion for approval and memorandum in support of same | 2.80 | $350.00 | $980.00 |
| Service | 05/13/2019 | Prepare declaration in support of joint motion for approval | 0.60 | $350.00 | $210.00 |
| Service | 05/14/2019 | Prepare declaration in support of joint motion for approval of settlement | 2.70 | $350.00 | $945.00 |
| Service | 05/14/2019 | Continue to prepare memorandum in support of joint motion for approval of settlement | 1.80 | $350.00 | $630.00 |

| | | | | | |
|---|---|---|---|---|---|
| Service | 05/15/2019 | Continue to prepare joint motion for settlement approval, memorandum in support, and declaration in support | 1.80 | $350.00 | $630.00 |
| Service | 05/21/2019 | Review data provided by opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 05/22/2019 | Continue to review final settlement data and correspond with opposing counsel regarding same | 0.20 | $350.00 | $70.00 |
| Service | 05/23/2019 | Conference and correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 05/28/2019 | Prepare joint motion to exceed page limitations and proposed order | 0.60 | $350.00 | $210.00 |
| Service | 05/29/2019 | Conference with opposing counsel | 0.20 | $350.00 | $70.00 |
| Service | 05/29/2019 | Review updated production bonus records | 0.10 | $350.00 | $35.00 |
| Service | 05/30/2019 | Continue to review and revise settlement agreement, motion for approval and memorandum in support and correspond with opposing counsel regarding same | 1.60 | $350.00 | $560.00 |
| Service | 05/30/2019 | Review and revise third joint motion to stay and correspond with opposing counsel regarding same | 0.40 | $350.00 | $140.00 |
| Service | 05/30/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 05/31/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 05/31/2019 | Review Court's Order | 0.10 | $350.00 | $35.00 |
| Service | 05/31/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 05/31/2019 | Continue to prepare joint motion for leave to file excess pages, finalize and file same | 0.30 | $350.00 | $105.00 |
| Service | 06/04/2019 | Conference with opposing counsel | 0.50 | $350.00 | $175.00 |
| Service | 06/05/2019 | Conference and correspond with opposing counsel regarding settlement | 0.70 | $350.00 | $245.00 |
| Service | 06/09/2019 | Docket new deadlines | 0.10 | $350.00 | $35.00 |
| Service | 06/17/2019 | Review revised calculations and conference with opposing counsel regarding same | 0.30 | $350.00 | $105.00 |
| Service | 06/20/2019 | Conference with opposing counsel regarding calculations related to overtime for production bonus | 1.00 | $350.00 | $350.00 |
| Service | 06/21/2019 | Conference with opposing counsel | 0.40 | $350.00 | $140.00 |
| Service | 06/25/2019 | Review revised calculations and correspond with opposing counsel regarding same | 0.30 | $350.00 | $105.00 |
| Service | 06/26/2019 | Review final numbers and correspond with opposing counsel regarding same | 0.10 | $350.00 | $35.00 |
| Service | 06/27/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |

| Service | 06/28/2019 | Revise and finalize settlement agreement and correspond with opposing counsel regarding same | 1.10 | $350.00 | $385.00 |
|---|---|---|---|---|---|
| Service | 07/01/2019 | Correspond with client | 0.20 | $350.00 | $70.00 |
| Service | 07/01/2019 | Multiple conferences with opposing counsel and contact Court | 0.30 | $350.00 | $105.00 |
| Service | 07/01/2019 | Continue to prepare joint motion for approval of settlement, memorandum in support and declaration in support and correspond with opposing counsel regarding same | 0.80 | $350.00 | $280.00 |
| Service | 07/02/2019 | Continue to prepare and finalize all settlement documents, including agreement, motion, memorandum and declaration and meet with client for review of final settlement agreement | 3.00 | $350.00 | $1,050.00 |
| Service | 07/03/2019 | Correspond with clerk, review Court rules for courtesy copies and conference and correspond with process server regarding same | 0.30 | $350.00 | $105.00 |
| Expense | 07/17/2019 | Reimbursable expenses: Courtesy copy of joint motion and exhibits to Court | 1.00 | $146.60 | $146.60 |
| Service | 07/21/2019 | Review correspondence from settlement class member, review applicable local rule and correspond with opposing counsel regarding same | 0.10 | $350.00 | $35.00 |
| Service | 07/30/2019 | Prepare for and attend Court conference | 1.20 | $350.00 | $420.00 |
| Service | 07/30/2019 | Prepare revised notice and proposed order, conference and correspond with opposing counsel regarding same, email and file same | 1.90 | $350.00 | $665.00 |
| Service | 07/31/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 08/04/2019 | Review settlement agreement and correspond with opposing counsel regarding notices | 0.10 | $350.00 | $35.00 |
| Service | 08/05/2019 | Conference with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 08/08/2019 | Review final notice and consent to join and correspond with opposing counsel regarding same | 0.30 | $350.00 | $105.00 |
| Service | 08/09/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 08/09/2019 | Correspond with settlement class member and review communication from settlement class member | 0.10 | $350.00 | $35.00 |
| Service | 08/11/2019 | Correspond with client | 0.10 | $350.00 | $35.00 |
| Service | 08/12/2019 | Review correspondence from settlement class member and conference with settlement class member | 0.20 | $350.00 | $70.00 |
| Service | 08/13/2019 | Conference with settlement class members | 0.20 | $350.00 | $70.00 |

Invoice # 124 - 09/24/2019

| Service | 08/14/2019 | Review communications related to settlement class and correspond with opposing counsel regarding skip trace for returned mail | 0.20 | $350.00 | $70.00 |
|---|---|---|---|---|---|
| Service | 08/16/2019 | Review consent to join forms | 0.10 | $350.00 | $35.00 |
| Service | 08/20/2019 | Correspond with opposing counsel regarding upcoming deadlines | 0.10 | $350.00 | $35.00 |
| Service | 08/23/2019 | Conference with settlement class member | 0.10 | $350.00 | $35.00 |
| Service | 08/27/2019 | Correspond with opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 08/28/2019 | Contact class member and correspond with opposing counsel regarding same | 0.20 | $350.00 | $70.00 |
| Service | 08/29/2019 | Review all requirements for final approval and docket all remaining deadlines | 0.10 | $350.00 | $35.00 |
| Service | 09/03/2019 | Conference with client and opposing counsel | 0.10 | $350.00 | $35.00 |
| Service | 09/09/2019 | Correspond with opposing counsel regarding reminder notice | 0.30 | $350.00 | $105.00 |
| Service | 09/17/2019 | Review form and correspond with settlement class member | 0.10 | $350.00 | $35.00 |
| Service | 09/18/2019 | Conference with settlement class member | 0.10 | $350.00 | $35.00 |
| Service | 09/24/2019 | Prepare joint motion for final approval, memorandum in support, declaration in support, and notice of compliance with exhibits | 2.60 | $350.00 | $910.00 |

**Total**   **$32,726.60**

# Detailed Statement of Account

## Current Invoice

| Invoice Number | Due On | Amount Due | Payments Received | Balance Due |
|---|---|---|---|---|
| ▄ | ▄▄▄ | $32,726.60 | $0.00 | $32,726.60 |

| | | | **Outstanding Balance** | **$32,726.60** |
|---|---|---|---|---|
| | | | **Total Amount Outstanding** | **$32,726.60** |